## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SCHUMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 7533 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| MERCHANTS' CREDIT | ) | |
| GUIDE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Michael Schumacher incurred a medical debt in 2013. That debt was later placed with Defendant Merchants' Credit Guide Company ("Merchants") for collection after going unpaid. About six years later, after the statute of limitations on the debt had (unbeknownst to him) expired under Illinois law, Schumacher visited Merchants' website and navigated to its payment portal, where he viewed a statute-of-limitations disclosure stating, "Your account may or may not be past the statute of limitations." Contending that this language was false, misleading, and deceptive to the unsophisticated consumer, Schumacher claims that Merchants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f. Now before the Court are the parties' cross-motions for summary judgment. For the reasons set forth below, Schumacher's motion is denied, and Merchants' motion is granted.

## I.  **Background**[1]

On February 14, 2013, Schumacher received a magnetic resonance imaging ("MRI") test at Midwest Imaging Professionals, LLC ("Midwest Imaging"), incurring a medical debt of $61.00.  Pl.'s LR 56.1 Statement of Facts ("PSOF") ¶ 9, ECF No. 45. After it went unpaid, Midwest Imaging placed the debt with Merchants for collection on July 8, 2013.  *Id.* ¶¶ 13, 17; Def.'s Statement of Facts ("DSOF") ¶ 4, ECF No. 52. Shortly thereafter, Merchants began to report the debt to the three national consumer credit agencies: Experian Information Solutions, Inc. ("Experian"); Trans Union, LLC; and Equifax Information Services, LLC.  PSOF ¶ 18.  To date, Schumacher has not made a payment on the debt.  DSOF ¶¶ 7, 22.

Six years later, on October 29, 2019, Schumacher was reviewing his Experian credit report with his attorney to determine his outstanding financial obligations, when he discovered that Merchants had been reporting the unpaid debt.  PSOF ¶ 34; DSOF ¶¶ 8–9.  Seeking to learn more about the debt, Schumacher visited Merchants' website.  PSOF ¶ 37; DSOF ¶ 13.  By this time, unbeknownst to Schumacher, the applicable Illinois statute of limitations had expired, and the debt was no longer enforceable.  *See* PSOF ¶¶ 28, 39; *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017) (citing 735 Ill. Comp. Stat. 5/13-205 and 5/13-206).

While at the website, Schumacher clicked on a button for making an online payment and navigated to Merchant's payment portal.  *Id.* ¶¶ 24, 38; DSOF ¶¶ 15–16, 18.  Once at the payment portal, the website displayed a webpage containing a

---

[1]  The following facts are undisputed or deemed admitted, unless otherwise noted.

disclosure concerning the statute of limitations.  DSOF ¶ 17; *see id.*, Ex. 6, Merchants'

Payment Portal Screenshot at 2, ECF No. 52-6.  The disclosure read:

> This site provides a secure payment portal for making online payments. Please ensure that you are paying the correct party and that you have a valid file number received from us.
>
> If you do not know your file number, please **do not make a payment through the web site at this time**. Instead, please <u>Contact Us</u> to obtain your file number before returning to make a payment. Without the file number we cannot credit your account with the payment you make on this site, which would result in a significant delay in processing your payment.
>
> **This is a web site of a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
>
> Your account may or may not be past the statute of limitations. Each state has a law that limits the time in which you can be sued for an unpaid account/debt. If your account is beyond the statute of limitations, you cannot and will not be sued by Merchants' Credit Guide Company or its creditor/client. If you acknowledge the debt, promise to pay, or make a payment on the debt, the statute of limitations may restart. Merchants' Credit Guide Company, or its creditor/client, will still not sue you to enforce payment. For accounts we receive from creditors who allow us to credit report their accounts, if you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

Merchants' Payment Portal Screenshot at 2.

This disclosure appeared in the same form whenever anyone accessed the

payment portal.  DSOF ¶ 27; *see id.*, Ex. 2, Burtis Aff. ¶ 18, ECF No. 52-2.  The Court

will refer to the final paragraph of it as the "statute-of-limitations disclosure."

After reading the sentence, "*Your account may or may not be past the statute*

*of limitations*," Schumacher became confused as to whether Merchants could still sue

him to recover the debt and whether he should make a payment on it.  PSOF ¶¶ 43, 46 (emphasis added).[2]  He filed this action on November 14, 2019, alleging that the statute-of-limitations disclosure violated his rights under the FDCPA, 15 U.S.C. §§ 1692e, e(2)(A), e(10), and 1692f.  At this juncture, each party moves for summary judgment.  *See* Pl.'s Mot. Summ. J., ECF No. 44; Def.'s Mot. Summ. J., ECF No. 50.

## II.    Legal Standard

Summary judgment is appropriate where the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The nonmoving party must then "come forth with specific facts showing that there is a genuine issue for trial."  *LaRiviere v. Bd. of Trs. of S. Ill. Univ.*, 926 F.3d 356, 359 (7th Cir. 2019).

To do so, the nonmoving party must establish "that a reasonable jury could return a verdict in her favor."  *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[S]ummary judgment will not lie . . .  if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").  Where, as here, the parties have filed cross-motions, courts  "look to the burden of proof that each party would bear on an issue as trial."  *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

---

[2]    The parties dispute whether and to what the extent Schumacher's attorney advised him about the applicable statute of limitations and his rights over the phone.  The Court need not take up this dispute to resolve the parties' motions for summary judgment.

### III.  <u>Analysis</u>

In moving for summary judgment, the parties dispute whether Schumacher has satisfied all the elements of his claims under 15 U.S.C. §§ 1692e and 1692f.  In addition, Merchants contends that Schumacher has failed to provide evidence that he suffered a concrete injury-in-fact to trigger Article III standing.  Because this issue implicates its jurisdiction, the Court addresses it first.  *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020).

"The elements of standing are well settled: the plaintiff must allege an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision."  *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  "These requirements are rooted in Article III, which limits a federal court's authority to the resolution of 'Cases' or 'Controversies.'"  *Id.* (quoting U.S. Const. art. III, § 2).  "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve."  *Id.*

As in *Casillas*, the analysis here concerns "the injury-in-fact requirement, which the Supreme Court has described as the first and foremost element of standing."  *Id.* (cleaned up).  An injury in fact consists of "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (cleaned up).  An injury "need not be tangible to be 'concrete,' but it must be ' 'real,' and not 'abstract.' '"  *Casillas*, 926 F.3d at 333 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as*

*revised* (May 24, 2016)). As the Supreme Court taught in *Spokeo*, "a bare procedural violation" of a statute—there, the Fair Credit Reporting Act ("FCRA")—"divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III." 136 S. Ct. at 1549.

Here, Schumacher contends that he has suffered several concrete harms apart from the claimed FDCPA violations. Mainly, he leans on the confusion and stress that Merchants' statute-of-limitations disclosure caused him to experience. *See* PSOF ¶¶ 36, 42–43, 45–50. But this overlooks the Seventh Circuit's recent holding that "the state of confusion is not itself an injury." *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020), *reh'g denied* (Jan. 11, 2021); *accord Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021). Likewise, the appellate court has recognized that "purely psychological harm" is not a concrete injury. *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 616 (7th Cir. 2015). That includes "stress by itself," absent any "physical manifestations" or "qualified medical diagnosis." *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021); *see also Garland v. Orlans, PC*, 999 F.3d 432, 439–40 (6th Cir. 2021) (recognizing that only "severe emotional harm" constitutes an injury-in-fact). And, while Schumacher asserts that he also "feared, and continues to fear, unwarranted damage to his credit," PSOF ¶ 51, he fails to explain how the disclosure itself poses a risk of any such damage, and the deposition testimony to which he points makes the inconsistent (and incredible) claim that the disclosure *already* "damaged [his] credit," *id.*, Ex. B., M. Schumacher Dep. 40:23, ECF No. 45-2.

6

Relying on *Wheeler v. Midland Funding LLC*, Schumacher also contends that the claimed FDCPA violation "is not merely a procedural one," but rather constitutes a concrete injury all by itself. *See* No. 15 C 11152, 2020 WL 1469449, at *2–4 (N.D. Ill. Mar. 26, 2020) (holding that violations of § 1692e and 1692f were substantive and thus injuries-in-fact, because they related to the consumer's right to "substantive information"); *see also, e.g.*, *Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2019 WL 4059154, at *4 (N.D. Ill. Aug. 28, 2019), *appeal docketed*, No. 19-2993 (7th Cir. Oct. 10, 2019); *Navarroli v. Midland Funding LLC*, No. 18 C 2047, 2019 WL 1044801, at *3 (N.D. Ill. Mar. 5, 2019); *cf. Robertson v. Allied Sols.*, 902 F.3d 690, 697 (7th Cir. 2018) ("An informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."). In response, Merchants relies on the Seventh Circuit's decision in *Casillas*, arguing that the claimed violation is no more than "a bare procedural violation" of the statute. *See* 926 F.3d at 339 (distinguishing the substantive violation in *Robertson* from a violation of an "obligation to give notice of statutory rights," which is merely procedural).

The Court need not weigh in on this dispute, however, for it concludes that Merchants' statute-of-limitations disclosure did not violate §§ 1692e or 1692f as a matter of law. And, because Schumacher cannot establish a statutory violation in the first place, he cannot establish one sufficient to confer Article III standing.

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It also identifies a variety of conduct that constitutes "a violation

7

of the statute," including, as relevant here, "[t]he false representation of . . . the character, amount, of legal status of any debt[,]" *id.* § 1692e(2)(A); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[,]" *id.* § 1692e(10). Similarly, § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

Whether a communication is false, misleading, or deceptive under § 1692e turns on whether it "could well confuse a substantial number of recipients," using "the legal concept of the unsophisticated consumer." *Pantoja*, 852 F.3d at 686; *cf. Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) (noting that a statement does not fall within the ambit of § 1692e "unless it would confuse the unsophisticated consumer"). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (cleaned up). The question of whether a communication would deceive or mislead "an unsophisticated, but reasonable, consumer" is an objective one that does not turn on the plaintiff's own reaction. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003).

To assist district courts in making this determination, the Seventh Circuit has "grouped alleging deceptive or misleading statements into three distinct categories[:]

> In the first category are cases involving statements that plainly, on their face, are not misleading or deceptive. In

8

> these cases, we do not look to extrinsic evidence to determine whether consumers were confused. Instead, we grant dismissal or summary judgment in favor of the defendant based on our own determination that the statement complied with the law . . . .
>
> The second category of cases involves statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, we have held that plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive . . . .
>
> Cases involving plainly deceptive communications fall into a third category, one where we will grant summary judgment for the plaintiffs without requiring them to prove what is already clear. As we explained in *McKinney*, in some situations a debt collector's letter may be so clearly confusing on its face that a court may award summary judgment to the plaintiff on that basis.

*Alexander v. Consumer Adjustment Co., Inc.*, No. 19 C 1399, 2020 WL 1559861, at *6 (C.D. Ill. Apr. 1, 2020) (quoting *Ruth v. Triumph P'ships*, 577 F.3d 790, 800–801 (7th Cir. 2009) (cleaned up)).

The Seventh Circuit's application of these principles in *Pantoja* is instructive. There, the court affirmed a grant of summary judgment to a debtor on his claim under § 1692e based on a letter from the defendant offering to settle his account once he made "a low down payment," which the court found misleading in two ways. 852 F.3d at 681–82. "First, the letter [did] not even hint, let alone make clear to the recipient, that if he ma[de] a partial payment or even just a promise to make a partial payment, he risk[ed] loss of the otherwise ironclad protection of the statute of limitations." *Id.* at 684. "Second, the letter did not make clear to the recipient that the law prohibits

the collector from suing to collect this old debt." *Id.* In finding that these disclosures and non-disclosures, respectively, were deceptive and misleading, the court suggested that they fell into the second category identified in *Ruth*. *See id.* at 687. But because those particular disclosures were required by 15 U.S.C. § 1692g(2)(A), which governs debt-validation notices, the court held that the ambiguity was enough to violate the § 1692e, without the need for extrinsic evidence. *Id.* (citing *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016)).

Here, Merchants' disclosure avoids both shortfalls identified in *Pantoja*: (1) it stated that Merchant "cannot" sue if the account is beyond the statute of limitations, not simply that it "will not"; and (2) it advised that if the debtor "acknowledge[s] the debt, promise[s] to pay, or make[s] a payment on the debt, the statute of limitations may restart." DSOF ¶ 17. Nevertheless, Schumacher contends that the disclosure was confusing because it stated, "Your account *may or may not* be past the statute of limitations," *id.* (emphasis added), even though his particular account *was* in fact past the statute of limitations when he visited the payment portal.[3] This argument is meritless.

For starters, Schumacher identifies no case holding that similar language is confusing. To the contrary, just about every case on which he relies involved language similar to one or both of the statements present in *Pantoja*. *See Perea v. Portfolio*

---

[3]    In passing, Schumacher suggests that the disclosure also was confusing insofar as it stated that Merchants "will not" sue him, but not that it "cannot" sue him, if the statute of limitations restarted. PSOF ¶ 45. But if the statute of limitations *did* restart, then Merchants *could* sue on the debt. Thus, the Court discerns nothing misleading or confusing about this portion of the statute-of-limitations disclosure.

*Recovery Assocs., LLC*, No. 18 C 6504, 2020 WL 5763647, at *1 (N.D. Ill. Sept. 28, 2020); *Sykes v. Veripro Sols., Inc.*, No. 19 C 7897, 2020 WL 4926547, at *1 (N.D. Ill. Aug. 21, 2020); *Alexander*, 2020 WL 1559861, at *1; *Wheeler*, 2020 WL 1469449, at *1–2; *Pierre*, 2019 WL 4059154, at *1; *Navarroli*, 2019 WL 1044801, at *1; *Richardson v. LVNV Funding, LLC*, No. 16 C 9600, 2017 WL 4921971, at *1 (N.D. Ill. Oct. 31, 2017); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (holding that a letter offering to settle a time-barred debt may mislead an unsophisticated consumer).

Pointing to *McMahon*'s language that a misrepresentation about whether a debt is legally enforceable "violates the FDCPA," Schumacher insists that the statute-of-limitations disclosure was misleading because it did not make clear that his debt was time-barred. *See* 774 F.3d at 1020; *cf. Rawson v. Source Receivables Mgmt., LLC*, 215 F. Supp. 3d 684, 685–86, 688–89 (N.D. Ill. 2016) (granting summary judgment to plaintiff where he received a dunning letter omitting to disclose that the debt was time-barred and implying that the defendant would be filing a lawsuit); *Magee v. Portfolio Recovery Assocs., LLC*, No. 12 C 1624, 2016 WL 2644763, at *1–2, 4–5 (N.D. Ill. May 9, 2016) (similar). In so doing, however, Schumacher divorces the language from its context. Whereas the plaintiffs in those cases received debt-collection letters that were personally addressed to them and the debt in question, Schumacher viewed a disclosure on a publicly-accessible webpage that is viewable by *any* individual who happens to navigate to Merchants' payment portal. Because the webpage, unlike the dunning letters, is not associated with a particular account, Merchants has no way of

11

knowing why a debtor would be accessing it or the identity of the debt that was the subject of the debtor's inquiry. As a result, the disclosure necessarily speaks in general terms and cannot say whether the viewer's particular account was or was not time-barred. When viewed in this context, the statement, "Your account may or may not be past the statute of limitations," is neither misleading nor deceptive; it is simply imprecise. What is more, the disclosure does on to state that "[i]f your account is beyond the statute of limitations, you *cannot* and will not be sued by Merchants' Credit Guide Company or its creditor/client."

The generally applicability of these statements would be readily apparent to an unsophisticated, reasonable consumer given that the webpage on which the disclosure appears bears no relation to any specific account. To the contrary, the webpage is wholly generic. It even advises the viewer to "[p]lease ensure . . . that you have a valid file number," indicating that the webpage did not relate to any particular debt or account. *See* Merchants' Payment Portal Screenshot at 2. From this, the unsophisticated, reasonable consumer would understand that the disclosure at issue is not addressed to his or her particular debt, but to debts in general, and would not be confused, deceived, or misled by it.

At worst, Merchants' statute-of-limitations disclosure "might possibly mislead or deceive the unsophisticated consumer," which would place it in the second category identified in *Ruth*. *See* 557 F.3d at 800. But, even in this case, Schumacher would need to produce "extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or

12

deceptive," *id.*, which he fails to do. Schumacher does provide some publications and agency statements, but they draw conclusions of the most general order, such as that "[w]ritten disclosures may not be enough to protect consumers' rights related to time-barred debt," PSOF ¶ 54; that "[a] debt collector's attempt to collect a time-barred debt may give a consumer the [false] impression that the debt is legally enforceable," *id.* ¶ 56; or that, "[a]t present, time-barred debt disclosures are confusing and deceptive," *id.* ¶ 59; *see also id.* ¶¶ 52–63. What they do not do is provide any support for Schumacher's contention that this or a substantially similar disclosure risks confusing, deceiving, or misleading unsophisticated consumers.

Accordingly, the Court finds that Merchants' statute-of-limitations disclosure was not false, misleading, or deceptive within the meaning of § 1692e as a matter of law. And because Schumacher's § 1692f claim (which his briefing does not separately address) appears to be based on the same conduct, it follows that this claim fails as a matter of law as well. For much the same reasons, the Court also concludes that Schumacher lacks an injury-in-fact for purposes of Article III standing.

13

### IV.    <u>Conclusion</u>

For the reasons set forth above, Merchants' motion for summary judgment is granted, and Schumacher's motion is denied.  Judgement will be entered accordingly in favor of Merchants and against Schumacher.  Civil case terminated.


**IT IS SO ORDERED.**                    **ENTERED: 9/8/21**

_____

**John Z. Lee**
**United States District Judge**